Hillsborough,
No. 4819.

Angus M. MacNeil

*v.*

Jean Lathe, *Justice of the Municipal Court of Brookline & a.*

Argued February 1, 1960.
Decided February 29, 1960.

440

*Angus M. MacNeil* (by brief and orally), *pro se.*

*Edward F. Smith* and *James M. Riley, Jr.* (*Mr. Smith* orally), for defendant Lathe.

LAMPRON, J. Defendant first argues that the "Findings, Rulings and Decree," of the Court were premature. We agree with this contention.

"As a general rule, notice and an opportunity to be heard are basic essentials of a judicial proceeding . . . The requirement of notice and hearing need not be observed in matters which are formal, clerical or uncontested . . . and special circumstances may demand the issuance of court orders without initial notice or hearing as in the case of injunctions . . . As a matter of practice notice and hearing represent the general rule and the denial of a hearing is the exception." *DiPietro* v. *Lavigne,* 98 N. H. 294, 295; *In re Poulin,* 100 N. H. 458, 459.

It is true that a motion was properly disposed of on the allegations thereof when that "form of proceeding was accepted by both parties without objection." *Kusky* v. *Laderbush,* 96 N. H. 286; *Rosenblum* v. *Company,* 99 N. H. 267, 270. It was also proper to decide a claim in a receivership on the statements of counsel without the offer of testimony when that form of proceeding was accepted by the parties. *Wein* v. *Arlen's,* 98 N. H. 487, 489. However there was no such agreement in this case. The defendant did not agree to plaintiff's pleadings, there was no agreed statement of facts, nor was any testimony offered. There is nothing in the record to indicate that defendant waived her right to a hearing. On the contrary the record shows that defendant insisted on all her rights.

Even RSA 597:33 on which the Trial Court relies in its decree for taking jurisdiction of plaintiff's petition states that "The

superior court may render judgment . . . after hearing." The Trial Court's decree is set aside because it was made without the hearing to which the defendant Lathe was entitled. *DiPietro* v. *Lavigne, supra.* In view of this result it is unnecessary to decide whether RSA 597:33 confers jurisdiction on the Superior Court in this case or whether MacNeil was subject to arrest.

Plaintiff's claim that the municipal court of Concord was without jurisdiction to set bail in a case returnable to the municipal court of Brookline was transferred by the Trial Court without ruling.

RSA 597:5 provides that "Every court and justice may require a person accused of an offense in which he is authorized to receive bail to recognize, with sureties, to appear at a future time before himself or any other competent tribunal." The offenses with which plaintiff was charged were not within the offenses described by RSA 597:4 which are bailable by the Superior Court only. The municipal court of Concord therefore had jurisdiction to set bail in this case and this is especially so when, as here, it is done at the demand of and without objection from the plaintiff.

*Decree vacated; remanded.*

All concurred.